HUMPHRIES *v.* BLIGHT's assignees. (*a*)

*Bankruptcy.—Set-off.*

**Where** the holder of a negotiable note indorses it to a third person, after a commission of bankruptcy has issued against the payee, the indorsee may prove under the commission, but subject to all just off-sets, existing at the time of the bankruptcy.

THIS was an amicable action, to obtain a decision upon these general facts : Murgatroyd, being possessed of two notes, made by Peter Blight, payable without defalcation, and being indebted to Humphries, offered to give the notes in part payment, and cash for the rest of the debt. The notes had been due for some time ; and a commission of bankruptcy had previously issued against Blight ; but Blight, upon an application from Humphries, advised him to accept the proposition, without any intimation of a defence or set-off. The notes were, accordingly, indorsed by Murgatroyd to Humphries ; but when presented by the indorsee, to be proved under the commission, the assignees of Blight claimed a right to set off a debt due from Murgatroyd to Blight ; and for the trial of this claim the present action was instituted. Two questions, however, were discussed on the trial : 1st. Whether the holder of a promissory note, purchased after a commission of bankruptcy had issued against the maker, could prove the debt, under the commission? 2d. Whether the note, being purchased after it was due, had not lost its general negotiable character ; and consequently, remained subject to any set-off, that would apply between the drawer and payee?

---

(*a*) s. c. 1 W. C. C. 44.

United States v. Passmore.

*Hare* and *Dallas* argued for the plaintiff, and cited 5 vol. Acts Cong. p. 68, § 34 ; 5 Geo. II., c. 30, § 7, § 28 ; 5 vol. Acts Cong. p. 15, 74, § 1, § 42 ; 1 Atk. 73; 2 Wils. 135 ; Cull. 99; Evans 220; Co. B. L. 19; 1 Atk. 119; 4 Dall. Laws, 102–3 ; 3 T. R. 80 , 7 Ibid. 429 ; 2 Dall. 396 ; 2 Fonbl. 150 ; Anstr 427.

*Rawle* argued for the defendants, and cited 4 T. R. 714 ; 6 Ibid. 57 ; 2 Str. 1234 ; 3 T. R. 80 , Co. 96 ; 5 vol. Acts Cong. p. 74, § 42. [*371

BY THE COURT.—1st. We have no doubt upon the right of the assignee of the note, in this case, to prove the debt under the commission, and to receive a dividend. The certificate of the bankrupt would be a bar to a recovery, in an action by the present holder of the note against him ; and wherever a certificate will be a bar, the right to prove the debt, under the commission, must be unquestionable.

2d. In the case of negotiable paper, or in the case of an assignable bond, we have always thought, that the assignee takes it discharged of all the equity (as between the original parties) of which he had no notice. But whenever the assignee has notice of such equity, either positively or constructively, he takes the assignment at his peril. The assignment, in this case, was taken after the commission of bankruptcy had issued ; and the commission was legal notice, that wherever mutual debts subsisted between the bankrupt and his creditors, the right of set-off attached. The set-off claimed by the assignees must, therefore, be allowed : and this opinion is given, without admitting any distinction, whether the notes were due or not, before the assignment ; but merely upon the ground that the assignment was subsequent to the commission.