4 U.S. 320
 4 Dall. 320
 1 L.Ed. 850
 Welsh
v.
Murray.
 Supreme Court of Pennsylvania.
 March Term, 1805
 
 1
 CASE stated for the opinion of the Court. On the 1st of August 1804, judgment was entered, by confession, at the suit of Ewing v. Murray, in the Common Pleas of Philadelphia county; in which the declaration was entitled of June term preceding. On the 3d of August 1804, judgment was entered, by confession, in the Supreme Court, against the same defendant, at the suit of Welsh, the present plaintiff; and the declaration was entitled as of March term preceding.
 
 
 2
 The question submitted was, which judgment was entitled to a priority of payment, from the proceeds of the sale of the defendant's real estate?
 
 
 3
 Wallace, on behalf of Welsh, the present plaintiff, contended, that the Supreme Court judgment, though, in fact, last entered, had a legal relation to March term; and must be preferred to the Common Pleas judgment, which related only to June term. He cited authorities to show the relation at common law: 14 Vin. Abr. 616. 12 Mod. 519. 3 Bl. Com. 420. 6 Mod. 191. Relv. 35. 3 Burr. 1596. 1 Wils. 39. 2 Saund. 9. And he argued, that neither the English statute of frauds, nor the Pennsylvania act of assembly, affected the legal relation of a judgment, except only in the case of bon a fide purchasers; not in the case of conflicting judgments. 3 P. Wms. 398. Salk. 401. 7 Mod. 39. Salk. 87. 2 Ld. Raym. 776. Stra. 882. 7 Mod. 93. Stra. 1081. 6 Mod. 191. Barnes. 266, 7, 8. 270. Willes Rep. 427. Cro. C. 102. 1 T. Rep. 116. 7 T. Rep. 20. 1 Saund. 219. 1 Dall. Rep. 450. 2 Burr. 950. 967. 1 Bl. Com. 69.
 
 
 4
 Rawle, in support of the Common Pleas judgment, remarked, that his opponent was not content to enjoy an equality, but insisted upon a preference; and, therefore, there was no equity in his favour. He then contended, that there was an essential difference between the law of England, and the law of Pennsylvania, on the subject; that, although the question would often arise here, as lands were subject to execution and sale, it would seldom arise there; that the practice had uniformly been to pay judgments, out of the sale of real estates, according to the actual date of entering them;[1] and that the point had already been adjudged in Hooton v. Will. 1 Dall. Rep. 185. 450.
 
 By the COURT:
 
 5
 We are clearly of opinion, that the judgment first entered, is entitled to be first paid. The plaintiff in the Common Pleas must, therefore, enjoy his preference.[2]
 
 
 
 [1]
 The following certificates were founded on the fact of practice :
 'I certify, that while I held the office of sheriff for the city and county of Philadelphia, I uniformly settled the payment of judgments, in the case of sales of real estates, according to the actual dates of those judgments certified by the respective prothonotaries, without reference to the terms, of which the said judgments were entered.
 JAMES ASH.'
 Philadelphia, December 18th, 1804.
 'I certify the above was also my practice, while I held the office of sheriff.
 ISRAEL ISRAEL.'
 'I certify that the above was also my practice, while I held the office of sheriff.
 JOHN BAKER.'
 
 
 [2]
 A question of priority of judgments, also, arose in the Common Pleas, of Philadelphia county at June term 1806, in the case of Emnel v. Garwood.
 It was on a case stated, between two creditors of the defendant, each of whom had entered judgment, by virtue of a bond and warrant, on the same day, at the distance of a few hours. It was held by the COURT (RUSH, president) that there should be no precedence between the judgments; but that the proceeds of the sales, which arose from real estate, should be divided.
 The reason chiefly assigned by the President, was the inconvenience of a contrary rule, there being several courts, in which judgment might be entered on the same day; and the authority on which he chiefly relied was lord Porchester's case, as stated by Buller in 1 Durnford and East, 118.
 Milnor for the second creditor.
 Rawle contra.